UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) ) ) | Case No. 5:20-cr-00058-GFVT-EBA |
| v. | ) ) ) | **ORDER** |
| AARON BLAKE WOODRUM, | ) ) | |
|     Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 63.] Defendant Aaron Blake Woodrum is charged with violating the terms of his supervised release. In 2021, the Court sentenced Mr. Woodrum to 24 months of imprisonment, followed by three years of supervised release, after he pled guilty to one count of theft of a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(u). [R. 40.] He was released to supervision on December 1, 2022. [R. 48.]

Mr. Woodrum subsequently violated the conditions of his supervised release by failing to complete a substance abuse recovery program. *Id.* On March 10, 2023, Mr. Woodrum had his initial appearance for failing to complete a substance abuse recovery program. On March 15, 2023, Mr. Woodrum had his final hearing, where he admitted to violating the conditions of his supervised release and was ordered to participate in substance abuse recovery. At the final hearing in this matter, the United States requested that no action be taken on Mr. Woodrum's violation based on his progress in the substance abuse recovery program.

Judge Atkins evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge

Atkins recommends that no action be taken on the violation conduct, but that Mr. Woodrum participate in the program of Stable Recovery. *Id.* at 2.[1]  Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service. *Id.* at 2; *see* 28 U.S.C. § 636(b)(1).  Mr. Woodrum did not file any objections to Judge Atkin's Report and Recommendation and waived his right to allocution.  [R. 69.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Atkin's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 63] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Woodrum is found **GUILTY** of the violation;

3. Mr. Woodrum term of supervised release is **REVOKED**;

4. No action will be taken on the supervised release violation;

---

[1] The Court notes that following Judge Atkin's recommendation in this matter, Mr. Woodrum again violated the terms of his supervised release.  [R. 67.]  This most recent violation remains pending before Magistrate Judge Atkins, with the final hearing set for February 15, 2024.  [R. 68.]

5. Mr. Woodrum **SHALL** participate in the Stable Recovery program; and

6. Judgment shall enter promptly.

This the 13th day of February, 2024.

Gregory F. Van Tatenhove
United States District Judge