UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:20-CR-58-GFVT

UNITED STATES OF AMERICA, PLAINTIFF,

V.  **RECOMMENDED DISPOSITION**

AARON BLAKE WOODRUM, DEFENDANT.

On March 5, 2021, Woodrum was sentenced to 24 months of imprisonment to be followed by 3 years of supervised released after entering a plea of guilty to the charge of Theft of Firearms from a Federally Licensed Firearms Dealer, in violation of 18 U.S.C. § 922(u). He then appeared before the court on March 10, 2023 [R. 52] for a hearing on a charge of violating supervised release for failing to complete a substance abuse recovery program. He was detained at that time, and at the final hearing of March 15, 2023 [R. 55] he admitted to violating his condition of supervision. He was ordered to participate in substance abuse recovery, pending a final recommendation in this case. [R. 55]. He then appeared for a final hearing on January 10, 2024, where, based upon his progress in substance abuse recovery, the United States asked that no action be taken on his violation. The United States and Woodrum, however, requested that as a condition of supervision, he be directed to participate in the program of Stable Recovery, a facility where he would attend the School of Horsemanship at Taylor made Farm, receiving training and on the job experience in the thoroughbred industry. The undersigned then recommended that no action be taken on the violation conduct set forth in the report of March 1, 2023, but that Woodrum continue his unexpired period of supervision, with the added condition that he be directed to participate in the program of Stable Recovery. However, he is again before the court on new charges of violating

1

the conditions of supervision. He again appeared before the undersigned for a final revocation hearing on new charges of violating supervised release. At the final hearing, the defendant was present and represented by counsel. He expressed his desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way:

**Violation #1**

**Standard Condition #5: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72- hours of becoming aware of a change or expected change.**

On January 10, 2024, Woodrum began residing at 321 Hummingbird Lane in Lexington, Kentucky. He left the address on January 20, 2024, and did not return. Woodrum did not notify anyone that he changed his living arrangements. **This is a Grade C violation.**

**Violation #2**

**Standard Condition #13: You must follow the instructions of the probation officer related to the conditions of supervision.**

On January 17 and 18, 2024, the supervising officer visited Woodrum at the Stable Recovery program and instructed him to participate in the program and follow the instructions given by the facility. Woodrum failed to follow the instructions of the facility after he left the program without permission. **This is a Grade C violation.**

**Violation #3**

**Mandatory Condition #1: You must not commit another federal, state, or local crime.**
**Standard Condition #10: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).**

On January 26, 2024, Woodrum, who has been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed ammunition, in violation of 18 U.S.C. § 922(g)(1). The maximum statutory punishment is not more than 10 years imprisonment. **This is a Grade B violation.**

**Violation #4**

**Mandatory Condition #1: You must not commit another federal, state, or local crime.**
**Mandatory Condition #2: You must not unlawfully possess a controlled substance.  Condition #8: You must not purchase possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician, and must not frequent places where controlled substances are illegally sold, used, distributed, or administered.**

On January 26, 2024, Woodrum possessed marijuana, in violation of 21 U.S.C. § 844. The maximum statutory punishment is not more than one year imprisonment. **This is a Grade C violation.**

**Violation #5**

**Mandatory Condition #1: You must not commit another federal, state, or local crime.**
**Mandatory Condition #2: You must not unlawfully possess a controlled substance.**
**Special Condition #8: You must not purchase possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician, and must not frequent places where controlled substances are illegally sold, used, distributed, or administered.**

On January 26, 2024, Woodrum admitted to using marijuana on or about January 23, 2024. Due to the Sixth Circuit Court of Appeals ruling that use of a controlled substance constitutes possession under 18 U.S.C. § 3583(g), possession of

3

marijuana is a violation of 21 U.S.C. § 844. The maximum statutory punishment is not more than one year imprisonment. **This is a Grade C violation.**

**Violation #6**

> **Mandatory Condition #1: You must not commit another federal, state, or local crime.**
> **Mandatory Condition #2: You must not unlawfully possess a controlled substance.**
> **Special Condition #8: You must not purchase possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician, and must not frequent places where controlled substances are illegally sold, used, distributed, or administered.**

On January 26, 2024, Woodrum admitted to using methamphetamine on or about January 23, 2024. Due to the Sixth Circuit Court of Appeals ruling that use of a controlled substance constitutes possession under 18 U.S.C. § 3583(g), possession of methamphetamine is a violation Kentucky Revised Statutes § 218A.1437(3), which carries a five-year maximum sentence. **This is a Grade B violation.**

## RECOMMENDED SENTENCE

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

4

  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentences and the sentencing ranges established...
  (5) any pertinent policy statement...
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant.

The Defendant is 41 years of age. His criminal history involved offenses which occurred mostly during his 20's. Consequently, he has a criminal history category of V, due having been convicted of multiple offenses involving theft and controlled substances and has one prior conviction for attempted strangulation and one for assault, fourth degree. The underlying offense in this case, Theft of firearms from a federally licensed dealer, occurred in 2010 when Woodrum was 28 years of age. During his term of supervision, he has struggled to comply with conditions of supervision or conditions of treatment programs where he was a participant. Regardless of the best efforts of his counsel and his supervising officer, he continues to commit violation conduct due to his failure to follow the requirements of supervision, the use and or possession of controlled substances, and the possession of ammunition.

## III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant's history and convictions emphasize the seriousness of the present violations, his failure to devote the time and effort necessary to complete a plan of treatment and rehabilitation as directed by the Court, or to respect and comply with the requirements of supervision. While participating at the most recent treatment facility, he simply lacked the motivation to participate and ultimately left of his own accord. This lack of motivation to tackle his drug use and addiction is demonstrated throughout his supervision, as further demonstrated by his subsequent violation conduct.

The most serious violation committed in this case is a Grade B Violation. Considering the severity of this violation in combination with his criminal history category of V, the United States Sentencing Guidelines recommend a sentence of imprisonment of 18-24 months, and the maximum authorized period of imprisonment is 24 months. He is, in addition, subject to a period of 36 months of supervision, less any period of imprisonment, upon being released from custody.

In fashioning a recommendation in the case, the Court considers the information above, Woodrum's longstanding drug use and behavior, and the nature and circumstances of his current violations. Finally, the undersigned considers his criminal history category of V. Now, to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with no supervision to follow should be imposed.

Counsel for the United States and for Woodrum agree that supervision should not be imposed, but that Woodrum be sentenced to a period of incarceration for his violations. For his first violation Woodrum was allowed to remain in treatment and was not subject to revocation. Now, upon release he has failed to show the necessary effort or commitment to improving and an incremental sentence would be indicated in response to his present violations. Therefore, a period of incarceration for 14 months with no supervision to follow is significant and will satisfy the above-stated purposes, including acting as a deterrent to future criminal conduct and protecting the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty all charged violations;

(2) That his supervision be REVOKED;

(3) That the Defendant be sentenced to a term of 14 months incarceration with no supervision to follow.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing Woodrum's knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced: OR

(5) If Woodrum desires to exercise his right of allocution, counsel should file notice into the record of that desire and the matter should be scheduled for a final hearing before Judge Van Tatenhove for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 20, 2024.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge