UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 5:20-cr-00058-GFVT-EBA |
| v. | ) ) | **ORDER** |
| AARON BLAKE WOODRUM, | ) ) | |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 72.] Defendant Aaron Blake Woodrum is charged with violating the terms of his supervised release. In 2021, the Court sentenced Mr. Woodrum to 24 months of imprisonment, followed by three years of supervised release, after he pled guilty to one count of theft of a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(u). [R. 40.] He was released to supervision on December 1, 2022. [R. 48.]

Mr. Woodrum subsequently violated the conditions of his supervised release by failing to complete a substance abuse recovery program. *Id.* On March 10, 2023, Mr. Woodrum had his initial appearance for failing to complete a substance abuse recovery program. On March 15, 2023, Mr. Woodrum had his final hearing, where he admitted to violating the conditions of his supervised release and was ordered to participate in substance abuse recovery. At the final hearing, the United States requested that no action be taken on Mr. Woodrum's violation based on his progress in the substance abuse recovery program. This Court found that no action should be taken against the March 2023 violation, but that Mr. Woodrum continue his unexpired period

of supervision, with the added condition that he participate in the Stable Recovery program. [R. 70.]

The defendant is now before the Court again on new supervised release violations. The violations include failing to live at a place approved by probation, failing to follow the instructions of the Stable Recovery program, and failing to comply with various federal and state laws. *Id.* at 2-8. At the final hearing on February 15, 2024, the defendant admitted to violating the conditions of his supervised release. [R. 71.]

Judge Atkins evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Atkins recommends a period of fourteen months incarceration with no supervision to follow. [R. 72 at 7.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service. *Id.*; *see* 28 U.S.C. § 636(b)(1). Mr. Woodrum did not file any objections to Judge Atkin's Report and Recommendation and waived his right to allocution. [R. 73.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Atkin's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED**

2

as follows:

1. The Report and Recommendation **[R. 72]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Woodrum is found **GUILTY** of the violations;

3. Mr. Woodrum term of supervised release is **REVOKED**;

4. Mr. Woodrum **SHALL** be incarcerated for fourteen months with no supervision to follow; and

5. Judgment shall enter promptly.

This the 6th day of March, 2024.

Gregory F. Van Tatenhove
United States District Judge